IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-040 |
| | ) | |
| JAMES BLAIR and LIEUTENANT FOREMAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.   **BACKGROUND**

Plaintiff names as Defendants: (1) Deputy Warden James Blair and (2) Lieutenant Foreman. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 8, 2017, Plaintiff had a verbal altercation with Officer Robinson. (Id. at 5.) Officer Robinson called the Corrections Emergency Response Team ("CERT"). (Id.) CERT

Officers Haines and Mason placed Plaintiff in handcuffs and, along with Deputy Warden Blair, Lt. Foreman, and Sgt. Scott, escorted Plaintiff to the ID room. (Id.) Lt. Foreman cleared the orderlies from the ID room so only Plaintiff and the officers were in the room. (Id.) Lt. Foreman then instructed Officer Haines to remove Plaintiff's handcuffs. (Id. at 5, 8.)

Plaintiff was taken into the shower area by four officers. (Id. at 8.) Lt. Foreman talked to Plaintiff about disrespecting Officer Robinson and, without provocation, struck Plaintiff on the left side of the head with a closed fist and continued to strike him approximately five more times with both an open hand and closed fist. (Id.) During the assault, Sgt. Scott was "jumping around in a Muhammad Ali-style fighting dance," while the other officers instructed Plaintiff to keep his hands by his side. (Id.) Deputy Warden Blair appeared in the shower for a short period of time during the assault. (Id.)

Afterward, Plaintiff was escorted to his dorm, where he requested medical attention. (Id.) Lt. Foreman denied Plaintiff's request and told Plaintiff he should go back to his dorm or they would take him back to the ID room and "make things a lot worse." (Id.) As a result of the threat, Plaintiff did not seek medical care. (Id.) Plaintiff knew the threats were legitimate because the CERT officers had assaulted other inmates since Deputy Warden Blair became warden of security. (Id.) The officials used their positions under the direction of Deputy Warden Blair to "operate as a criminal street gang" and carry out a conspiracy to assault inmates with the sole purpose of causing pain, fear, and humiliation. (Id. at 8-9.) Plaintiff's cellmate offered to write a statement after hearing Plaintiff's story and seeing his condition. (Id. at 9.) One of the orderlies from the ID room also provided a statement about Plaintiff's condition

before and after leaving the ID room. (Id.)

Plaintiff never received a disciplinary write-up for the verbal altercation with Officer Robinson. (Id.) Plaintiff filed a grievance on August 14, 2017, and Special Agent of Internal Investigations Pittman interviewed Plaintiff on August 18, 2017. (Id.) Lt. Foreman and several other CERT officers were relieved of their duties on August 21, 2017, and Deputy Blair was relieved of his duties on September 21, 2017. after further investigation into his role in the assault. (Id.)

In retaliation for reporting the incident, Plaintiff's security level was raised from "medium to close" by JSP administration or Georgia Department of Corrections executives or both. (Id. at 9-10.) There was no legal or institutional justification for Plaintiff's change in security level. (Id. at 10.) Plaintiff did not receive a write-up in his sixteen months at JSP before the assault and received only one or two write-ups in the four or five years before the assault. (Id.)

## II.  DISCUSSION

### A.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.      Plaintiff Fails to State Official Capacity Claims Against Defendants

Plaintiff sues Defendants "individually and in their official capacities."  (Doc. no. 1, p. 8.)  However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed.

### C.      Plaintiff Fails to State a Retaliation Claim Against Defendants

Plaintiff also fails to state a First Amendment retaliation claim against Defendants.  "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  A prisoner states a First Amendment retaliation claim where prison officials raise the prisoner's security level because the prisoner filed grievances.  Hicks v. Ferrero, 241 F. App'x 595, 597-98 (11th Cir. 2007).

Plaintiff alleges "JSP administration and/or GDC executives . . . raised [his] security level from medium to close" in retaliation for Plaintiff reporting the assault.  (Doc. no. 1, pp. 9-10.)  Plaintiff alleges there was "no legal or institutional" reason for raising his security level, as he has not received any disciplinary reports during his sixteen months at JSP and only one or two in the four to five years before then.  (Id. at 10.)

The Eleventh Circuit has held a district court properly dismisses a claim against a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the

5

complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff does not allege Deputy Warden Blair or Lt. Foreman were responsible for raising his security level. Indeed, Plaintiff attributes the alleged retaliation to unnamed JSP administrative officers and GDC executives. (Doc. no. 1, pp. 9-10.) Nothing in Plaintiff's complaint associates the named Defendants with the allegedly retaliatory action. Therefore, Plaintiff fails to state a retaliation claim against Defendants.

### III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's official capacity claims for monetary relief against Defendants be **DISMISSED** and Plaintiff's First Amendment retaliation claims against Defendants be **DISMISSED** for failure to state a claim. In a companion Order, the Court has allowed Plaintiff's § 1983 conspiracy claim against Defendants, excessive force claim against Lt. Foreman, and failure to intervene claim against Deputy Warden Blair to proceed.

SO REPORTED and RECOMMENDED this 17th day of July, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA