IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FREDERICK D. GREEN,           )
                              )
              Plaintiff,      )
                              )
      v.                      )        CV 318-040
                              )
JAMES BLAIR and JAMAL         )
FOREMAN, Lieutenant,          )
                              )
              Defendants.     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Rogers State Prison ("RSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion for an Injunctive Order.  (Doc. no. 24.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

## I.     BACKGROUND

Plaintiff names as Defendants:  (1) Deputy Warden James Blair and (2) Lieutenant Foreman. (Doc. no. 1, p. 1.)  Plaintiff alleges the following facts in his complaint.  On August 8, 2017, Plaintiff had a verbal altercation with Officer Robinson.  (Id. at 5.)  Officer Robinson called the Corrections Emergency Response Team ("CERT").  (Id.)  CERT Officers Haines and Mason placed Plaintiff in handcuffs and, along with Deputy Warden Blair, Lt. Foreman, and Sgt. Scott, escorted Plaintiff to the ID room.  (Id.)  Lt. Foreman cleared the orderlies from the ID room so only Plaintiff and the officers were in the room.  (Id.)  Lt. Foreman then instructed Officer Haines to remove Plaintiff's handcuffs.  (Id. at 5, 8.)

Plaintiff was taken into the shower area by four officers.  (Id. at 8.)  Lt. Foreman talked to Plaintiff about disrespecting Officer Robinson and, without provocation, struck Plaintiff on the left side of the head with a closed fist and continued to strike him approximately five more times with both an open hand and closed fist.  (Id.)  During the assault, Sgt. Scott was "jumping around in a Muhammad Ali-style fighting dance," while the other officers instructed Plaintiff to keep his hands by his side.  (Id.)  Deputy Warden Blair appeared in the shower for a short period of time during the assault.  (Id.)

Afterward, Plaintiff was escorted to his dorm, where he requested medical attention.  (Id.)  Lt. Foreman denied Plaintiff's request and told Plaintiff he should go back to his dorm or they would take him back to the ID room and "make things a lot worse."  (Id.)  As a result of the threat, Plaintiff did not seek medical care.  (Id.)  Plaintiff knew the threats were legitimate because the CERT officers had assaulted other inmates since Deputy Warden Blair became warden of security.  (Id.)  The officials used their positions under the direction of Deputy Warden Blair to "operate as a criminal street gang" and carry out a conspiracy to assault inmates with the sole purpose of causing pain, fear, and humiliation.  (Id. at 8-9.)  Plaintiff's cellmate offered to write a statement after hearing Plaintiff's story and seeing his condition.  (Id. at 9.)  One of the orderlies from the ID room also provided a statement about Plaintiff's condition before and after leaving the ID room.  (Id.)

Plaintiff never received a disciplinary write-up for the verbal altercation with Officer Robinson.  (Id.)  Plaintiff filed a grievance on August 14, 2017, and Special Agent of Internal Investigations Pittman interviewed Plaintiff on August 18, 2017.  (Id.)  Lt. Foreman and several other CERT officers were relieved of their duties on August 21, 2017, and Deputy Blair was

relieved of his duties on September 21, 2017. after further investigation into his role in the assault. (Id.)

In retaliation for reporting the incident, Plaintiff's security level was raised from "medium to close" by Johnson State Prison ("JSP") administration or Georgia Department of Corrections ("GDOC") executives or both.  (Id. at 9-10.)  There was no legal or institutional justification for Plaintiff's change in security level.  (Id. at 10.)  Plaintiff did not receive a write-up in his sixteen months at JSP before the assault and received only one or two write-ups in the four or five years before the assault. (Id.)

On November 28, 2018, Plaintiff filed a motion for an injunction against the Commissioner of the Department of Corrections to prevent him from being housed at JSP or any facility where Defendants are employed.  (Doc. no. 24.)  Plaintiff alleges Defendants have been indicted on criminal charges, and Plaintiff and other inmates are occasionally required to make court appearances in Johnson County Superior Court regarding Defendants' charges.  (Id. at 1.) As a result, GDOC will temporarily move him to JSP, where he is housed in segregation until the scheduled court date.  (Id.)  Plaintiff alleges a number of assaults occurred while in segregation and being housed at JSP poses a significant risk of injury from staff, who are friends or family of Defendants.  (Id. at 2.)  During transfer for a November 5, 2018 court date, the warden at JSP refused to house any inmates involved in the case at JSP for their safety.  (Id.)

## II.   DISCUSSION

Plaintiff's motion for injunctive relief should be denied for three reasons.  First, because the Commissioner is not a party to this action, the Court lacks jurisdiction to enter any restraining order or injunction against him.  Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8

(S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).  Thus, the Court cannot grant the injunctive relief Plaintiff seeks.

Second, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted); Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. April 24, 2018) (denying Plaintiff's request for injunctive relief because relief sought concerned computer access and suit concerned defendants' failure to protect him from substantial risk of serious harm).

Here, Plaintiff is not entitled to injunctive relief because the matters complained of are concerning separate incidents than his claims in this lawsuit.  Plaintiff's only claims are an excessive force claim against Lt. Foreman and a failure to intervene claim against Deputy Warden Blair for an assault at JSP.  (Doc. nos. 8, 14.)  In Plaintiff's motion for an injunction, he seeks relief concerning his safety at JSP and fear of jail employees who are not Defendants.  (Doc. no. 24.)  Because these allegations are factually distinct and concern issues separate from the claim raised in his complaint, injunctive relief is improper.

Finally, even if the Court considered the merits of the motion, Plaintiff would not be entitled to injunctive relief.  A party moving for injunctive relief must show the following:  "(1)

4

substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has failed to establish a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Plaintiff's allegations concern, at best, a speculative threat of injury, as he has not alleged any facts suggesting he personally faces a risk of harm at JSP. While he generally alleges assaults occur in segregation at JSP and he faces a "significant risk of injury" from family or friends of Defendants, Plaintiff does not allege either he or other inmates have received a specific threat or been harmed while at JSP or any other facility based on their connection to the case.

5

To the extent Plaintiff also requests prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional.  See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at JSP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law."  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

## III.   CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for an injunction be **DENIED**.  (Doc. no. 24.)

SO REPORTED and RECOMMENDED this 20th day of December, 2018, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6