IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-040 |
| | ) | |
| JAMES BLAIR and JAMAL | ) | |
| FOREMAN, Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Rogers State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court are Defendants' motions to set aside default, (doc. nos. 31, 41), and Plaintiff's motion to dismiss Defendant Foreman's declaration and answer, (doc. no. 38.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, (doc. nos. 31, 41), and Plaintiff's motion be **DENIED**, (doc. no. 38.).

**I.     MOTIONS TO SET ASIDE DEFAULT**

The United States Marshals Service served Defendant Blair on October 1, 2018, (doc. no. 20), and Defendant Foreman on October 22, 2018, (doc. no. 22). On December 20, 2018, the Clerk of Court entered default against Defendants for failing to timely respond to Plaintiff's complaint. (Doc. nos. 26, 27.) On January 3, 2019, Defendant Foreman filed the present motion to set aside default. (Doc. nos. 30, 31.) In response, Plaintiff filed an objection to Defendant Foreman's motion, a motion to dismiss the declaration and answer as

untimely, and a declaration in support of his motion.  (Doc. nos. 37, 38, 39.)  On February 12, 2019, Defendant Blair filed his motion to set aside default, to which Plaintiff responded on March 4, 2019.  (Doc. nos. 41, 42.)

Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown an adverse party has failed to plead or otherwise defend against a complaint through affidavit or otherwise.  However, the Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c).  Murphy v. Farmer, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016).  This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  Id.

### A.     Defendant Foreman

Defendant Foreman states he was terminated by the Georgia Department of Corrections ("GDC") prior to being personally served on October 23, 2018. (Doc. no. 31-1, pp. 2-3.)  Defendant Foreman met the process servicer at a gas station in order for service to be affected.  (Id. at 3.)  Afterward, Defendant Foreman called Johnson State Prison ("JSP"), and an employee told him they could not help him because of his termination.  (Id.)  Defendant Foreman then contacted private counsel, who represents him in a related employment action, and informed him about the lawsuit.  Defendant Foreman did not understand private counsel did not represent him for purposes of this suit.  (Id.)  Defendant

Foreman did not receive any other filings related to the case. (Id.) GDC hired Ms. McGovern as outside conflict counsel on December 27, 2018, and, on December 28, 2018, Defendant Foreman contacted Ms. McGovern immediately upon receipt of her communication to him. (Id. at 2, 4.) On January 3, 2019, Defendant Foreman filed his motion to set aside default with an attached proposed answer. (Doc. no. 31, 31-2.)

Plaintiff argues Defendant Foreman is not entitled to have default set aside because he should have known to retain counsel but chose not to do so, despite being personally served with the complaint. (Doc. no. 37-2, pp. 1-2.) Plaintiff contends he will be greatly prejudiced by setting aside default, citing "the psychological and monetary cost of litigating for an indigent prisoner." (Id. at 2-3.) Plaintiff also states the Attorney General's Office was aware of the status of this case because he served that office with his previous filings. (Id. at 3.) Plaintiff asks the Court to enter default judgment for $37,500 in punitive damages against Defendant Foreman, $62,500 in punitive damages against Defendant Blair, and an injunction prohibiting Defendants from beating other inmates in the future. (Id.) Finally, in his motion to dismiss Defendant Foreman's declaration and answer attached to his motion to set aside default, Plaintiff argues Defendant Foreman's response is "untimely, procedurally defaulted, and should be dismissed." (Doc. no. 38-2, p. 2.)

Defendant Foreman's motion to set aside default should be granted for the following reasons. First, there is no indication Defendant Foreman's failure to timely answer was willful. After voluntarily meeting the process server to allow personal service to be effected, Defendant Foreman contacted JSP after being served to attempt to obtain counsel. (Doc. no. 31-1, pp. 2-3.) Once JSP effectively denied the representation request, he consulted his

3

private counsel about the matter. (Id. at 3.) However, Defendant Foreman misunderstood private counsel's representation of him did not extend to this case, and he believed he had done all he needed to do. (Id. doc. nos. 31-2, p. 2.) Defendant Foreman immediately reached out to Ms. McGovern after receiving her mail and assisted her in responding to Plaintiff's complaint. (Doc. no. 31-1, pp. 4.) Thus, Defendant Foreman's failure to respond was not caused by willfulness, dilatory motive, or bad faith.

Second, Plaintiff has not been prejudiced by Defendant Mosley's late filing and will not suffer financial loss as a result. While Plaintiff argues he has suffered psychological and monetary costs due to the default, there is no evidence Plaintiff or his case has been prejudiced by the few months of delay. While Plaintiff contends he served some of his filings on the Attorney General's Office, Defendant Foreman was not made aware of these filings. Furthermore, there is a strong policy of determining cases on their merits and a corresponding disfavor of defaults. In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Because good cause exists for setting aside any default, Defendant Foreman's motion should be **GRANTED** and default be set aside, (doc. no. 31), and Plaintiff's motion to dismiss and request for default judgment be **DENIED**, (doc. no. 38).

### B. Defendant Blair

Defendant Blair states he was terminated by GDC prior to being served on October 1, 2018, and did not understand the need to request counsel from GDC to defend the lawsuit. (Doc. no. 41-1, pp. 2.) Defendant Blair mistakenly believed he did not need to respond in this case because he is also being criminally prosecuted in relation to Plaintiff's allegations in the complaint. (Id.) On December 20, 2018, after learning of the default entry against Defendant

Blair, the Attorney General's Office appointed Matthew R. LaVallee to represent him on December 27, 2018. (Id. at 3.) Initial attempts to locate Defendant Blair were unsuccessful until, on February 5, 2019, an investigator was able to contact him. (Id. at 3.) Since then, Defendant Blair has actively assisted Mr. LaVallee in filing the motion to set aside default. (Id.)

Defendant Blair's motion should be granted for reasons similar to those given for Defendant Foreman above. First, there is no indication Defendant Blair's failure was caused by willfulness, dilatory motive, or bad faith. While Defendant Blair should have obtained clarification about his need to obtain representation and respond to Plaintiff's complaint, the failure appears to have been caused by a genuine misunderstanding based on the ongoing criminal proceedings and was not a bad faith attempt to avoid engaging in this litigation. Furthermore, Plaintiff has not been able to show he was prejudiced by the delay.

Plaintiff argues in response Defendant Blair's motion is an untimely objection to the Court's December 20, 2018 Report and Recommendation recommending denial of Plaintiff's motion for an injunctive order and Defendant can only challenge the ruling before the Eleventh Circuit. (Doc. no. 42.) Plaintiff's response is meritless. Accordingly, because of the strong policy in favor of deciding cases on the merits, and because good cause exists for doing so, Defendant Blair's motion should be **GRANTED**, (doc. no. 41), and default be set aside.

## II.   CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Defendants' motions to set aside default be **GRANTED**, (doc. nos. 31, 41), and Plaintiff's motion be **DENIED**. (Doc. no. 38.) The Court finds it appropriate to stay the deadline for Defendants to respond to Plaintiff's complaint

5

until the District Judge takes final action on the R&R. Thus, the Court **ORDERS** Defendants to file their responses within seven days of entry of the District Judge's written Order.

SO REPORTED and RECOMMENDED this 8th day of March, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA