IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-040 |
| | ) | |
| JAMES BLAIR and JAMAL FOREMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court entered a stay on April 30, 2019, pending a criminal prosecution against Defendants relating to the events giving rise to Plaintiff's lawsuit. (Doc. no. 51.) The case's status has not changed since then.

The Court's most recent Order, entered on May 20, 2022, has been returned because Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 79.) Plaintiff was directed in both the Court's May 30, 2018 Order and July 17, 2018 Order to inform the Court immediately of any change in address, and he was told that the failure to do so would result in the dismissal of his case. (Doc. no. 4, p. 4; doc. no. 8, p. 5.) Further, this Court's Local Rules state, "Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change." Loc. R. 11.1. Plaintiff was well are of this requirement and has notified the Court and opposing counsel of address changes four times,

with two of those notifications occurring after the Court entered a stay. (Doc. no. 17, 36, 59, 68.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's May 30th and July 17th Orders and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Plaintiff was warned that noncompliance could result in dismissal of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary

sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2022, at Augusta, Georgia.

*(signature)*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).